Honorable Hardin C. Cox State Senator, District 12 602 West Calhoun Rock Port, Missouri 64482
Dear Senator Cox:
This is in response to your request for an opinion from this office as follows:
 "Must a County Assessor in a county of the third class maintain his office on a yearly basis?
 "The County Assessor of Worth County, a county of the third class, is paid on a yearly basis. He closes his office on June first, or there about, depending on when his books are ready to turn over to the County Clerk."
We assume you mean the office remains closed for an indefinite period of time.
We are unable to find any statute in this state or any appellate court decision specifically applicable to the assessor on this point.
Section 53.010, RSMo, provides that in each county of this state, except those under township organization, shall elect a county assessor who shall hold his office for a term of four years and until his successor is elected and qualified.
Section 49.510, RSMo, provides as follows:
 "It shall be the duty of the county to provide offices or space where the officers of the county may properly carry on and perform the duties and functions of their respective offices. Said county shall maintain, furnish and equip said offices and provide them with the necessary stationery, supplies, equipment, appliances and furniture, all to be taken care of and paid out of the county treasury of said county at the time and in the manner that the county court may direct."
Under this statute, it is the duty of the county court to provide the county assessor with necessary office space to carry on and perform the duties of his office.
Section 49.265, RSMo, provides as follows:
 "The county court in all counties of class two, by order entered of record, may authorize all county offices, except the sheriff's office, to be open not more than five days each week, and in all counties of classes three and four by order entered of record, may authorize all county offices, except the sheriff's office, to be open not more than five and one-half days each week. The county court, after entering such an order, may require any office to be open six days a week when public convenience requires. The authorization by the county court in counties of the third and fourth class to close such offices must be published three times in the county newspapers and such authorization to be signed by the county court."
In an opinion issued by this office on September 23, 1959, to Phil Hauck (copy enclosed), we held this statute did not grant the county court of a third class county authority to authorize any county office to be open only five days a week.
Section 109.180, RSMo, provides as follows:
 "Except as otherwise provided by law, all state, county and municipal records kept pursuant to statute or ordinance shall at all reasonable times be open for a personal inspection by any citizen of Missouri, and those in charge of the records shall not refuse the privilege to any citizen. Any official who violates the provisions of this section shall be subject to removal or impeachment and in addition shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine not exceeding one hundred dollars, or by confinement in the county jail not exceeding ninety days, or by both the fine and the confinement."
Section 109.190, RSMo, provides as follows:
 "In all cases where the public or any person interested has a right to inspect or take extracts or make copies from any public records, instruments or documents, any person has the right of access to the records, documents or instruments for the purpose of making photographs of them while in the possession, custody and control of the lawful custodian thereof or his authorized deputy. The work shall be done under the supervision of the lawful custodian of the records who may adopt and enforce reasonable rules governing the work. The work shall, where possible, be done in the room where the records, documents or instruments are by law kept, but if that is impossible or impracticable, the work shall be done in another room or place as nearly adjacent to the place of custody as possible to be determined by the custodian of the records. While the work authorized herein is in progress, the lawful custodian of the records may charge the person desiring to make the photographs a reasonable rate for his services or for the services of a deputy to supervise the work and for the use of the room or place where the work is done."
In State ex rel. Eggers v. Brown, 134 S.W.2d 28 (Mo.Banc 1939), the Supreme Court held the right given by statute to inspect and copy public records in the offices of the motor vehicle commission is limited by such reasonable regulations as the commissioner of motor vehicles may impose to prevent undue interference with the work of the employees of the office or with members of the public being served at the office.
It is our view that under Sections 109.180 and 109.190 the records in the assessor's office are public records and must be open for personal inspection at all reasonable times by any citizen of Missouri and that it is the duty of the assessor of a third class county to comply with the above-statutory provisions.
It is our view that in the absence of a statute authorizing a county assessor in a third class county to close his office for an indefinite period of time, it is his duty to keep his office open to the public during the normal working hours.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 38 9-23-59, Hauck